IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL JOSEPH MCCORMACK,

    Plaintiff,                    No. CIV S-09-0452 KJM P

  vs.

BOARD OF PRISON TERMS,

    Defendant.                  <u>ORDER</u>

_____/

        Plaintiff is a state prison inmate proceeding pro se with a civil action. Before this case was transferred from the Central District of California, that court granted plaintiff's request to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

/////

1    A claim is legally frivolous when it lacks an arguable basis either in law or in
2 fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-
3 28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4 indisputably meritless legal theory or where the factual contentions are clearly baseless.
5 Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however
6 inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d
7 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.  A complaint, or portion thereof, should
8 only be dismissed for failure to state a claim upon which relief may be granted if it appears
9 beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would
10 entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)  (1969).

11    Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
12 plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
13 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell
14 Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007).  A complaint must
15 contain more than "a formulaic recitation of the elements of a cause of action;" it must contain
16 factual allegations sufficient "to raise a right to relief above the speculative level." Id.  However,
17 "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair
18 notice of what the . . . claim is and the grounds upon which it rests."'" Erickson v. Pardus, 551
19 U.S. 89, 127 S.Ct. 2197 (2007).  In reviewing a complaint under this standard, the court must
20 accept as true the allegations of the complaint, id., and construe the pleading in the light most
21 favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

22    The court finds the allegations in plaintiff's 109-page complaint so vague and
23 conclusory that it is unable to determine whether the current action is frivolous or fails to state a
24 claim for relief.  For example, in one portion of the complaint, plaintiff suggests that previous
25 parole hearings had not been fair, but in another section, he appears to attack his underlying Los
26 Angeles County conviction for murder.  In another portion of the complaint, he provides a list of

his alleged celebrity relatives and provides an alleged history of his education and accomplishments. It is unclear what these claims have to do with his attack on the fairness of the parole hearings or even if he is in fact attacking the fairness of the parole hearings.

The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint **limited to fifteen pages**.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an

1 original complaint, each claim and the involvement of each defendant must be sufficiently
2 alleged.

3      In accordance with the above, IT IS HEREBY ORDERED that:

4      1. Plaintiff's complaint is dismissed.

5      2. Plaintiff is granted thirty days from the date of service of this order to file an
6 amended complaint **limited to fifteen pages** that complies with the requirements of the Civil
7 Rights Act, the Federal Rules of Civil Procedure and the Local Rules of Practice; the amended
8 complaint must bear the docket number assigned this case and must be labeled "Amended
9 Complaint"; failure to file an amended complaint in accordance with this order will result in a
10 recommendation that this action be dismissed.

11      3. The Clerk of Court is directed to send plaintiff the form complaint for use by
12 prisoners filing civil rights actions under 42 U.S.C. § 1983.

13 DATED: February 20, 2009.

                                                U.S. MAGISTRATE JUDGE

16 2/
mcco0452.14